# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 89 CR 427–1 |
| | ) | Hon. Marvin E. Aspen |
| MARIO LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Mario Lloyd's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. (Dkt. No. 816).) Lloyd argues his sentence should be reduced based on Amendment 782 to the Federal Sentencing Guidelines, which generally lowers the base offense level for drug offenses by two points. (Reply (Dkt. No. 821) at 1.) The government opposes Lloyd's request. For the following reasons, we hereby deny Lloyd's motion to modify his sentence.

## BACKGROUND

The underlying criminal convictions in this case involve Lloyd's leadership of a significant cocaine distribution network in Chicago and Milwaukee in the 1980's. *United States v. Walker*, 25 F.3d 540, 543 (7th Cir. 1994). Lloyd's operation distributed hundreds of kilograms of cocaine and generated millions of dollars in profits that Lloyd subsequently laundered with the help of multiple family members. *Id.* After a federal investigation into Lloyd's drug dealing and money laundering organization, on July 11, 1989, a Special Grand Jury indicted Lloyd and multiple co-defendants, including his mother, sister, and brother, for numerous federal crimes. *Id.* at 543–44. Ultimately, in 1990, a jury found Lloyd guilty of

fifteen counts: one count of conspiracy to distribute cocaine, six counts of distribution of cocaine, one count of engaging in a continuing criminal enterprise ("CCE"), one count of conspiracy to defraud the United States, two counts of engaging in unlawful monetary transactions, two counts of money laundering, and two counts of structuring monetary transactions to avoid reporting requirements. (*See* Nov. 21, 1990 Judgment (Dkt. No. 820 PageID#: 277–80)); *see also United States v. Lloyd*, 983 F. Supp. 738, 741 (N.D. Ill. 1997). We sentenced Lloyd to life imprisonment and a $26 million fine, which the Seventh Circuit upheld on direct appeal on May 31, 1994. *Id.* (citing *Walker*, 25 F.3d at 543).

On October 22, 1997, we modified Lloyd's sentence when we granted in part his *pro se* 28 U.S.C. § 2255 habeas corpus petition. *Lloyd*, 983 F. Supp. at 743–45. First, we vacated Lloyd's conviction for conspiracy to distribute cocaine (Count 1), finding conspiracy to distribute cocaine to be a lesser included offense of CCE; accordingly, conviction of both offenses violated double jeopardy. *Id.* at 743–44. Second, we corrected his sentences on several counts that were incorrectly documented in the judgment order, replacing ten unlawful life sentences with the corresponding reduced sentences. *Id.* at 744–45, n.7 (explaining the judgment and commitment orders reflected impermissible life sentences as "the result of a clerical error"). To date, Lloyd is serving four life sentences in prison: one for his CCE conviction, and three for cocaine distribution.[1] Since his original § 2255 petition, Lloyd has also filed a number of collateral attacks challenging his conviction and sentence, the details of which are irrelevant to our analysis of Lloyd's pending motion. *See Lloyd v. United States*, No. 14 C 3929,

---

[1] In our 1997 Order, we sentenced Lloyd to forty years for Counts Two, Five, and Six for distribution of cocaine, the statutory maximum sentence under 21 U.S.C. § 841(b) for distribution of 500 grams but less than five kilograms of cocaine. *Lloyd*, 983 F. Supp. at 743–45. Lloyd's life sentences for distribution of cocaine under Counts Three, Four, and Seven remain in effect.

2014 WL 5614857, *1 (N.D. Ill. Nov. 4, 2014) (summarizing Lloyd's attempts to challenge his conviction).

In his pending motion, Lloyd argues he qualifies for a reduction[2] of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to modify an imposed term in custody "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Lloyd argues that Amendment 782 to the sentencing guidelines reduces the base offense level for the crimes of his conviction based on the amounts of cocaine involved. (Reply at 1–2.)[3] In response,[4] the government denies Lloyd's sentence may be reduced under Amendment 782. (Sur-Reply (Dkt. No. 822) at 1.)

## LEGAL STANDARD

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010) (citing 18 U.S.C. § 3582(b)); *see also United States v. Howard*, No. 95 CR 508–4, 2017 WL 1427066, at *2 (N.D. Ill. Apr. 21, 2017) (slip op.) (clarifying that federal courts have

---

[2] Specifically, Lloyd requests we reduce his sentence from life to thirty years in custody. (Mot. at 3.)

[3] In further support of his motion, Lloyd submitted four letters written by his adult children, which we have taken into consideration. (Dkt. No. 818.)

[4] In its initial response to Lloyd's motion, the government focuses on Amendment 748, or the Fair Sentencing Act of 2010, which lowered the offense levels for crack cocaine related crimes, and Amendment 750, which applied Amendment 748's reductions retroactively. (Resp. (Dkt. No. 819) at 5.) The government argued Amendment 750 does not apply to Lloyd because Lloyd's case did not involve crack cocaine. (*Id.* at 6.) In his reply, Lloyd clarified that his motion is based on Amendment 782. (Reply at 1–2.) The government accordingly clarified that it had "misunderstood the motion," and filed a sur-reply to Lloyd's motion addressing the applicability of Amendment 782 to Lloyd's case. (Sur-Reply at 1.)

"limited authority to reduce a sentence of imprisonment after it has been imposed"). Section 3582(c)(2) provides one such exception to this finality is when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 826, 130 S. Ct. at 2691 (describing the Commission's power to amend the guidelines). If a retroactive guidelines amendment would result in a lower guidelines range for a defendant, after the court considers relevant § 3553(a) factors, the court may reduce the defendant's term of imprisonment if a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," as enacted in United States Sentencing Guideline § 1B1.10. 18 U.S.C. § 3582(c)(2). A defendant or the Director of the Bureau of Prisons can file a motion pursuant to § 3582(c)(2), or the court can act *sua sponte* to reconsider a defendant's sentence. *Id.* Finally, we are "obligated to liberally construe" Lloyd's pleadings as he is a *pro se* litigant. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

## ANALYSIS

Lloyd argues he qualifies for a modified sentence under 18 U.S.C. § 3583(c)(2) because he would receive a reduced sentencing guidelines range based on Amendment 782 to the sentencing guidelines. The Sentencing Commission enacted Amendment 782 to the guidelines in 2014, which generally reduced the base offense levels assigned to most drug quantities in the then-existing § 2D1.1 drug quantity table by two points. *See United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015); *see also United States v. Salinas-Ospina*, 622 Fed. App'x 577, 578 (7th Cir. 2015) ("Amendment 782 and § 3582(c)(2) make drug sentences . . . more lenient."); *Howard*, 2017 WL 1427066, at *2 ("Amendment 782 serves to lower the guideline range for certain drug crimes . . . by raising the threshold quantity that a

4

defendant needs to 'qualify' into a particular offense level."). Amendment 782 also redistributed the amounts of some controlled substances that qualify for each offense level. U.S.S.G. App. C, Amendment 782, at 29 (2014). Applied retroactively through Amendment 788, the Commission passed Amendment 782 to reset the base offense levels to correspond with statutory mandatory minimum penalties, and to alleviate overcrowding in federal prisons. *See id.* at 71–74 (estimating Amendment 782 would reduce the imprisonment of drug trafficking offenders sentenced under § 2D1.1 by an average of eleven months).

We first determine whether application of the Amendment 782 § 2D1.1 drug quantity table would have reduced Lloyd's guideline range based on the type and quantity of drugs in Lloyd's case. *See* U.S.G.A. § 1B1.10(b)(1) (2016) ("In determining whether . . . a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] to the guidelines . . . had been in effect at the time the defendant was sentenced."); *see also United States v. Koglin*, 822 F.3d 984, 986 (7th Cir. 2016) ("[W]hat matters under § 3582(c)(2) and § 1B1.10 is whether the bottom-line, final range would have been lower if the amendment had been in effect when the defendant was sentenced.") (internal citation omitted). At the time of Lloyd's sentencing in 1990, we found the relevant quantity of cocaine attributable to Lloyd for his drug distribution convictions to be 1,500 kilograms. Presentence Investigative Report ("PSR") at 1, Worksheet A (Counts 1–8) (describing Lloyd's distribution of cocaine offense to include "1,500 kg cocaine"). Based on the 1988 Sentencing Manual used at Lloyd's sentencing,[5] thirty-six was the highest base offense

---

[5] In Lloyd's PSR, the Probation Office indicated that "the guidelines effective prior to November 1, 1989, have been utilized for the calculations in this case." PSR at 7.

5

level for offenses involving distribution of cocaine, which applied to defendants who distributed fifty kilograms or more of cocaine, with no upper limit. U.S.S.G. § 2D1.1 (1988). Accordingly, when Lloyd was sentenced, we found his base and total offense levels to be thirty-six, and found Lloyd to be in Criminal History Category I, resulting in a sentencing range of 188–235 months imprisonment. *See* PSR at 11.

Based on the § 2D1.1 drug quantity table enacted by Amendment 782, if Lloyd were sentenced for distribution and CCE involving 1,500 kilograms of cocaine, Lloyd would qualify for the highest base offense level, thirty-eight, under § 2D1.1, which includes quantities of 450 kilograms or more of cocaine. U.S.S.G. § 2D1.1 (2016). Between 1988 and 2014, the highest base offense level in § 2D1.1 increased from thirty-six to as high as level forty-two. *See, e.g.*, U.S.S.C. § 2D1.1 (1989) (increasing the maximum base offense level to forty-two); U.S.S.C. § 2D1.1 (1994) (lowering the maximum base offense level to thirty-eight). Accordingly, because Lloyd qualifies for the highest base offense level in both the 1988 and Amendment 782 tables, Amendment 782 actually increased Lloyd's offense levels and guideline range.

Based on Lloyd's Criminal History Category I, at the time he was sentenced, a final offense level of thirty-six resulted in a guidelines range of 188–235 months in custody; applying Amendment 782, with a final offense level of thirty-eight, he would face a guidelines range of 235–293 months. *Compare* U.S.S.C. § 5.2 (1988), *with* U.S.S.C. § 5.2 (2016). Because Amendment 782 results in a higher guidelines range, Lloyd is ineligible for a sentence reduction under § 3583(c)(2). *Koglin*, 822 F.3d at 986–87 ("If the [guideline] range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends."); *Taylor*, 778 F.3d at 672 ("Relief is not available if a retroactive amendment 'does not have the effect of

lowering the defendant's applicable guideline range.'") (citing U.S.S.G. § 1B1.10(a)(2)(B)); *Richardson v. United States*, No. 94 CR 187–1, 2016 WL 3907071, at *1 (N.D. Ill. July 19, 2016) (finding a modification of sentence "not authorized" where defendant's guidelines sentencing range for distribution of heroin and cocaine remained the same after Amendment 782).

Even if Amendment 782 resulted in a lower sentencing range for Lloyd, we continue to find a lifetime sentence appropriate for Lloyd's offenses after considering 18 U.S.C. § 3553(a) factors. *Dillon*, 560 U.S. at 827, 130 S. Ct. at 2692 ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case."); *see also United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) (directing that "sentence modifications under § 3582(c)(2)" are "ultimately entrusted to the sound discretion of the district court"). We sentenced Lloyd to periods of incarceration above the guidelines range for his cocaine distribution offenses.[6] At that time, we found the significant aggravating circumstances in this case merited a life sentence, considering the substantial quantity of cocaine involved and Lloyd's recruitment of others into his network, including Lloyd's corruption his own family members. *See Walker*, 25 F.3d at 23–25 (finding no mistake in our upward departure to a life sentence considering the facts underlying Lloyd's conviction). Considering these aggravating circumstances, even if Amendment 782 reduced Lloyd's

---

[6] While Lloyd qualified for a statutory mandatory minimum sentence for his CCE conviction pursuant to 21 U.S.C. § 848(b) (Count 8), the cocaine distribution offenses (Counts 2–7) carried statutory mandatory minimum sentences well below the guidelines range of 188–235 months. *See* 21 U.S.C. § 841(b) (1989) (requiring sentence of ten years to life for distribution of five kilograms or more of cocaine, and a sentence of five to forty years for distribution of 500 grams or more of cocaine).

guidelines range, we would decline to modify Lloyd's sentence based on § 3553(a) factors, particularly the gravity of the underlying offense. *See, e.g.*, *United States v. Green*, 625 F. App'x 901, 905 (10th Cir. 2015) (affirming denial of sentence modification for a defendant eligible under Amendment 782 for a reduced sentence because of § 3553(a) factors, including the defendant's violence and extensive criminal history).

Finally, in his motion, Lloyd also argues that we should find him "accountable for something far less than 450 kg of powder cocaine" in this case. (Mot. at 3.) The government correctly argues that Lloyd cannot relitigate the drug levels we relied on in his original sentencing through a § 3582(c)(2) motion. (Sur-Reply at 8–9, n.3 (citing *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (directing that pursuant to a § 3582(c)(2) motion, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing")); *see also United States v. Jackson*, 637 F. App'x 223, 224 (7th Cir. 2016), *cert. denied*, 136 S. Ct. 2478 (2016) ("[Section] 3582(c) does not authorize a resentencing; the district judge may not reexamine issues decided at the initial sentencing."). In this case, the PSR clearly holds Lloyd accountable for well over 450 kilograms of cocaine; the PSR repeatedly lists Lloyd as responsible for the distribution of 1,500 kilograms of cocaine. PSR at 1, Worksheet A (Counts 1–8). At this time, we cannot revisit conclusions about the quantity of cocaine listed in a PSR that we utilized at sentencing. *United States v. Berg*, 672 F. App'x 580, 581 (7th Cir. 2016), *cert. denied*, 138 S. Ct. 153 (2017) (affirming the district court's reliance on appellant's PSR on a § 3582(c)(2) motion despite arguments that the "PSR contains inaccurate and unreliable evidence about the quantity of cocaine relevant to his distribution conviction" as the "accuracy of his PSR" can only be challenged on direct appeal).

Accordingly, we find Amendment 782 does not reduce Lloyd's sentencing guidelines range, and deny Lloyd's § 3582(c)(2) motion to modify his sentence.

## CONCLUSION

For the aforementioned reasons, we hereby deny Lloyd's motion to modify his sentence. (Dkt. No. 816.)  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 2, 2018
Chicago, Illinois