# IN THE UNITED STATES DISCTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 89 CR 427–1 |
| | ) | Hon. Marvin E. Aspen |
| MARIO LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Mario Lloyd's *pro se* motion for leave to proceed *in forma pauperis* ("IFP") with an appeal of our Order denying his 18 U.S.C. § 3582 motion for a reduction in sentence. (Dkt. Nos. 829–30, 838.)[1] Pursuant to our June 6, 2018 Order (Dkt. No. 841), Lloyd filed an additional financial affidavit accompanying his motion to appeal IFP, which we have reviewed. (Fin. Aff. (Dkt. No. 845).) For the reasons set forth below, we hereby deny Lloyd's motion to proceed IFP on appeal. (Dkt. Nos. 838, 840, 845.)

## I. MOTION FOR LEAVE TO APPEAL IFP

Lloyd is currently serving a life sentence in federal custody for a number of crimes related to his leadership of a significant cocaine distribution network in the 1980's. *United States v. Walker*, 25 F.3d 540, 551 (7th Cir. 1994). On May 2, 2018, we denied Lloyd's motion to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 826.) Lloyd filed a notice of appeal of our Order on May 17, 2018. (Dkt. No. 829.) On May 29, 2018, Lloyd filed a motion for appointment of counsel with our court. (Dkt. No. 836.) On the same day, Lloyd filed a motion for leave to appeal IFP before the Seventh Circuit along with a financial affidavit.

---

[1] After Lloyd's filed his motion for leave to appeal IFP before the Seventh Circuit at Docket Entry Number 838; an identical version of Lloyd's motion is filed at Docket Entry Number 840.

(Dkt. No. 838.) The Seventh Circuit subsequently ordered the IFP motion transferred to this Court for ruling. (Dkt. No. 837.)

On June 6, 2018, we ordered Lloyd to file a signed financial affidavit as required by Federal Rule of Appellate Procedure 24(a). (Dkt. Nos. 841–42.) Rule 24 requires an appellant requesting IFP status to submit an affidavit that: (a) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay . . . fees and costs"; (b) "claims an entitlement to redress"; and (c) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Based on this information, the district court must determine whether the appellant has established his indigence and, moreover, whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(4)(B). Lloyd timely filed his affidavit using Form 4 on June 18, 2018 and attached a summary of his prisoner accounts. (Dkt. No. 845.)

Our review of Lloyd's financial affidavit and attached inmate account balance summary reveals Lloyd has failed to report the majority of his income in his motion for leave to appeal IFP. Lloyd states he earns $52.80 per month through his employment as a tutor, and has a balance of $87.00 in his inmate account. (Fin. Aff. ¶¶ 1–2, 4.) Lloyd indicates in his sworn affidavit that in the past twelve months, he has received no income from any source other than his $52.80 monthly employment earnings, specifically stating he received no income from gifts or "other" income sources. (*Id.* ¶ 1.)

Lloyd's summary of his inmate accounts, however, indicates that he has failed to reveal the income source for the vast majority of the deposits to his accounts in the past six months. The account summary, dated June 13, 2018, shows that Lloyd has received a total of $2,295.75 in deposits to his inmate account in just the past six months, and that Lloyd has made $2,270.05 in year-to-date purchases. (Account Summary (Dkt. No. 845) at PageID #: 432–33).) Based on

2

Lloyd's $52.80 reported monthly income, he should have received only about $316.80 in income total during the last six months. Accordingly, he has failed to disclose at least $1,978.95 in income in his financial affidavit. Based on Lloyd's misrepresentations in his sworn financial affidavit, we deny his motion to proceed IFP. *See Cheairs v. United Water/Suez*, No. 2:09 C 201, 2009 WL 10692083, at *2 (N.D. Ind. Dec. 7, 2009) (denying motion to appeal IFP because movant made "misrepresentations" on his financial affidavit, namely failing to report income); *see also In re Grason*, No. 16-70990, 2017 WL 8940247, at *3 (Bankr. C.D. Ill. June 29, 2017), *report and recommendation adopted*, No. 17-3129, 2017 WL 3313998 (C.D. Ill. Aug. 3, 2017) (recommending dismissal of an appeal and requiring payment of filing fee, noting a number of "concerning" discrepancies in debtor's reported financial information).

## CONCLUSION

For the aforementioned reasons, we deny Lloyd's motion for leave to appeal IFP. (Dkt. Nos. 838, 840, 845.) If Lloyd wants the Seventh Circuit to reconsider our denial of his request to appeal IFP, he must refile his motion with the Seventh Circuit within thirty days of receiving notice of this Order. Fed. R. App. 24(a)(5) (explaining the motion must include a copy of the financial affidavit filed in district court along with a copy of this Order). It is so ordered.

                                                                                    _____
                                                                                    Marvin E. Aspen
                                                                                    United States District Judge

Dated: June 27, 2018
          Chicago, Illinois

3